IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RAYMOND EUGENE WARREN,<br><br>    Plaintiff,<br><br>  v.<br><br>OFFICER SLATER et al.,<br><br>    Defendants. | MEMORANDUM DECISION &<br>DISMISSAL ORDER<br><br>Case No. 2:14-CV-199 CW<br><br>District Judge Clark Waddoups |

  Plaintiff, Raymond Eugene Warren, a former inmate at Davis County Jail, filed a *pro se* prisoner civil-rights complaint, *see* 42 U.S.C.S. § 1983 (2015), proceeding *in forma pauperis*. *See* 28 *id.* § 1915.  His Amended Complaint is now before the Court for screening. *See id.* § 1915A.

**SCREENING ANALYSIS**

**1. Plaintiff's Allegations**

  Plaintiff's Amended Complaint alleges claims against Davis County defendants Officers Slater, Lucious, Harrod and Corporal Johnson.  Plaintiff calls his claims "invasion of privacy" and "unnecessary rigor."  His invasion-of-privacy claim stems from an incident in which he alleges that--against county policy--Officer Slater had him strip naked so that he could change his clothing and that Officer Slater looked at him before handing him his clothing.  A video camera was allegedly in the vicinity.  His unnecessary-rigor claim stems from the other defendants "lying" to him about the camera being a surveillance-only camera and joking that any video of him might end up on YouTube.

### 2. Grounds for Sua Sponte Dismissal

In evaluating the propriety of dismissing a complaint for failure to state a claim upon which relief may be granted, this Court takes all well-pleaded factual assertions as true and regards them in a light most advantageous to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is appropriate when, viewing those facts as true, the plaintiff has not posed a "plausible" right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)*; Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556). When a civil rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the Court considers those assertions "conclusory and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 554-55). In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (italics in original).

This Court must construe these *pro se* "'pleadings liberally,' applying a less stringent standard than is applicable to pleadings filed by lawyers.  Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted).  In the Tenth Circuit, this means that if this Court can reasonably read the pleadings "to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Still, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam)).  Dismissing the complaint "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

<h3 style="text-align:center">3. Invalid Causes of Action</h3>

The invasion-of-privacy and unnecessary-rigor incidents that Plaintiff describes fail to state a claim upon which relief may be granted.  There is simply no federal constitutional prohibition against a jail officer asking prisoner to strip naked so that the prisoner may change his clothing or looking at the prisoner when he is naked or having a camera on in the vicinity. *See Banks v. Katzenmeyer*, No. 13-cv-02599-KLM, 2015 U.S. Dist. LEXIS 26256, at *63 (D. Colo. Mar. 4. 2015) ("Here, Plaintiff simply alleges that a female guard viewed him showering

once and using the toilet once.  This does not constitute a constitutional violation."); *Hodge v. Topeka Corr. Facility*, No. 12-3228-SAC, 2012 U.S. Dist. LEXIS 163975, at *5 n.3 (D. Kan. Nov. 16, 2012) ("[T]he right to privacy is clearly subject to reasonable limitations in the prison context, and security cameras are an accepted part of the prison environment. Thus, a bald reference to privacy in a prison . . . without more is insufficient."); ( *Thompson v. Wyandotte County Detention*, 869 F. Supp. 893, 895 (D. Kan. 1994) (holding female inmate's "limited rights to privacy were not violated by the irregular and isolated occasions when she was allegedly viewed in the nude" (emphasis omitted)).

    There is also no federal constitutional prohibition against casual lying ( Plaintiff does not suggest Defendants were under oath) or joking.  *See Williams v. Levansailor*, No. 98-4006, 1998 U.S. App. LEXIS 16857, at *2 (10th Cir. July 21, 1998) (concluding that racially derogatory joke told by jail guard "is deplorable and unprofessional . . . [but] does not . . . constitute a violation of plaintiff's [constitutional] rights") (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (stating verbal abuse alone is not actionable under § 1983)).

    Not only are these claims invalid nonstarters but they border on frivolous.  Further, it is irrelevant to the constitutional inquiry here whether the officers were violating county policy by doing any of the things alleged.

## ORDER

**IT IS HEREBY ORDERED** that the Clerk's Office shall file Plaintiff's Amended Complaint. **IT IS FURTHER ORDERED** that the Amended Complaint is **DISMISSED** with prejudice, under 28 U.S.C.S. § 1915(e)(2)(B) (2015), for failure to state a claim upon which relief may be granted. And, neither liberal interpretation of Plaintiff's claims nor further opportunity to amend would lead to a different result. This case is **CLOSED**.

DATED this 28th day of September, 2015.

BY THE COURT:

_____
CLARK WADDOUPS
United States District Judge